# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NANET R., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 3882 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations, | ) | |
| performing the duties and functions | ) | |
| not reserved to the Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Nanet R. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on October 19, 2015, alleging a disability onset date of June 1, 2015. (R. 56, 77.) Her application was denied initially and on reconsideration. (R. 77, 103.) Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on September 13, 2017. (*See* R. 31-55.) In a decision dated November 14, 2017, the ALJ found that plaintiff was not disabled. (R. 15-24.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 17.) At step two, the ALJ determined that plaintiff has the severe impairments of carpal tunnel syndrome and low back arthritis. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal the severity of a listed impairment. (R.

19.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a preschool director, and thus is not disabled. (R. 23.)

Plaintiff contends that the ALJ wrongly rejected the opinion of her treating physician, Dr. Hart. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009).

In January 2016, Dr. Hart opined that plaintiff can grasp, turn, and twist objects for fifteen percent of a workday and perform fine manipulation tasks for twenty percent of a workday. (R. 508.) In June 2017, Dr. Hart said that plaintiff could only use her fingers and hands for ten percent of a workday. (R. 581.) The ALJ gave these opinions "no weight" because they are inconsistent with "objective medical evidence," the results of plaintiff's May 2016 consultative exam, the conservative treatment she has received, and plaintiff's "considerable" activities of daily living. (R. 22.)

However, the ALJ did not identify the objective medical evidence that contradicts Dr. Hart's opinion and failed to acknowledge the evidence that supports it, *i.e.*, the March 2016 EMG[1]

---

[1] EMG stands for electromyography, "a diagnostic procedure [used] to assess the health of muscles and the nerve cells that control them," the results of which "can reveal nerve dysfunction, muscle dysfunction or problems with nerve-to-muscle signal transmission." https://www.mayoclinic.org/tests-procedures/emg/about/pac-20393913 (last visited Mar. 20, 2019).

showing that plaintiff has "severe left worse than right carpal tunnel syndrome." (R. 436.)[2] Moreover, the ALJ noted the findings of the consultative exam, that plaintiff had 5/5 grip strength in both hands and "no difficulty . . . performing manipulations with either hand," but failed to mention that the examiner said plaintiff "complain[ed] of moderate pain on movement of the hands and wrists." (R. 549.) Similarly, the ALJ emphasized the conservative nature of plaintiff's treatment, "medication management and wrist braces" (R. 22) but did not say that those treatments gave plaintiff no relief and she had started looking into surgery. (R. 37-38, 444, 456.) Finally, the "considerable" daily activities to which the ALJ referred consist of preparing light meals and doing some housework, tasks from which plaintiff can, and does, take breaks. (R. 47, 238, 246); *see Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."). In short, the ALJ's rejection of Dr. Hart's opinions, the acceptance of which would have dictated a finding of disability, is not supported by substantial evidence. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (per curiam) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Accordingly, the case must be remanded.[3]

---

[2] The ALJ notes the EMG finding in the decision (R. 21) but fails to consider it in his explanation for giving no weigh to Dr. Hart's opinions.

[3] Plaintiff also contests the RFC fashioned by the ALJ. Because that issue is intertwined with the assessment of the medical evidence, it will have to be revisited on remand as well.

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [24], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:   March 20, 2019**

*[signature: M. David Weisman]*

**M. David Weisman**
**United States Magistrate Judge**